**MARK B. FROST & ASSOCIATES**
**MARK B. FROST**
**RYAN M. LOCKMAN**
**1515 Market Street, Suite 1300**
**Philadelphia, PA 19102**
**(215) 351-3333**
**Attorneys for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **BRANDI COURTESIS,** | : | |
| **Plaintiff,** | : | **Civil Action No.:** |
| | : | |
| **vs.** | : | |
| | : | |
| **BOROUGH OF GETTYSBURG,** | : | |
| **MICHAEL CARRICATO,** | : | |
| **Individually and in his Official Capacities,** | : | |
| **CHIEF JOE DOUGHERTY,** | : | **JURY TRIAL DEMANDED** |
| **Individually and in his Official Capacities,** | : | |
| **SERGEANT LARRY WEIKERT,** | : | |
| **Individually and in his Official Capacities,** | : | |
| **Defendants.** | : | |
| | : | |

Plaintiff Brandi Courtesis, by and through her attorneys, Mark B. Frost & Associates, files this Complaint based upon the following statement of facts.

## I.  INTRODUCTION

1. Plaintiff, Brandi Courtesis, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and 42 USC 1983, to remedy acts of employment sex discrimination and retaliation perpetrated against her by the Borough of Gettysburg. At all times material, Plaintiff has served as a police officer in the Gettysburg Police Department (GPD).

1

2.  This complaint primarily deals with the sexual harassment of Plaintiff by GPD officer Mike Carricato beginning in October of 2015 and ongoing until present, and GPD's failure to remedy same after Plaintiff repeatedly complained to GPD supervisors.

## II.  JURISDICTION

3.  Jurisdiction is conferred upon this court by 42 U.S.C. §§ 12101 *et seq*., 42 U.S.C. §§ 1983, which provide original jurisdiction for Plaintiff's claims arising under the laws of the United States and other actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.  The amount in controversy exceeds one hundred thousand dollars ($100,000).

## III.  VENUE

5.  All actions complained of herein have taken place within the jurisdiction of the United States District Court for the Middle District of Pennsylvania and involve Defendants who engage in the regular course of business within the jurisdictional limits.  Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

## IV.  PARTIES

6.  Plaintiff Brandi Courtesis is an individual residing at 854 McAllister Street, Hanover, PA 17331.

7.  Defendant Borough of Gettysburg is a municipality with Borough government offices located at 59 East High Street, Gettysburg, PA 17325.

8.  The Gettysburg Police Department (GPD) is and has at all times material been the police department for the Borough of Gettysburg, and is controlled and operated by the Borough of Gettysburg. The GPD headquarters are located at 59 East High Street, Gettysburg, PA 17325.

9.  Defendant Michael Carricato has at all times material been a police officer for the GPD, located at 59 East High Street, Gettysburg, PA 17325.

10. Defendant Joe Dougherty has at all times material been Chief of Police for the GPD, located at 59 East High Street, Gettysburg, PA 17325.

11. Defendant Larry Weikert has at all times material been Sergeant and/or Acting Sergeant for the GPD, located at 59 East High Street, Gettysburg, PA 17325.

## V.  FACTS

12. Plaintiff Brandi Courtesis began employment with Gettysburg Police Department (GPD) on or about June 30, 2013.

13. Plaintiff is currently the only full-time female officer in the department.

14. Currently there are approximately ten (10) full-time officers in the department: The supervisors are Chief Joe Dougherty, Sergeant Larry Weikert and Sergeant Harald Pruy, and the remaining officers are patrol officers. There are also part-time officers working for the department.

15. Sergeant Larry Weikert at all times material until October 2016 served as *acting* Sergeant, and has served as Sergeant since October 2016. Sergeant Harald Pruy has served as Sergeant since October 2016.

16. At the time that Plaintiff was being interviewed for the position of Police Officer in GPD, she was asked if she intended to have more children. Plaintiff was also asked if she could handle joking of a sexual nature, implying that inappropriate comments of a sexual nature were commonplace in the department and was sanctioned by the department.

17. Around March to June of 2014, Plaintiff and Defendant Carricato engaged in a brief, relationship which ended in around June of 2014.

18. Beginning in September/October of 2015, Carricato began sexually harassing Plaintiff. Carricato proceeded to make comments of a sexual nature in Plaintiff's presence, referencing the size of his penis and the number of women with whom he had had sexual relationships. Carricato made other demeaning statements in Plaintiff's presence about women and explicitly described sexual acts he had engaged in with certain women. He also moaned - including moaning loudly while Plaintiff was on service phone calls for the department - and referred to his "cock", and made other similar comments of a sexual and derogatory nature.

19. On November 7, 2015, Plaintiff complained of the aforementioned demeaning conduct and sexual harassment to Sergeant Weikert, who did nothing in response other than telling Plaintiff to forward her complaint to Chief Dougherty. Sgt. Weikert did also admit that he had heard Carricato make moaning noises and that he found Carricato's behavior to be offensive.

20. Plaintiff thereafter complained to Chief Dougherty, verbally and then in writing. Upon receipt of the complaints by Plaintiff, Chief Dougherty did nothing in response to these complaints of sexual harassment by Plaintiff.

21. In fact, the only action taken by Chief Dougherty was to issue *both* Plaintiff and Carricato counseling memos, a form of discipline, on or about November 21, 2015.

22. When Plaintiff asked Sgt. Weikert for the reason for her discipline, Weikert became angry, threw the counseling memo and his pen against the wall, and indicated, "I don't need this shit."

23. The sexual harassment continued, and Plaintiff continued to complain, and met with the borough manager and human resources about her complaints.

24. Plaintiff thereafter met with the Chief and requested to speak with the Mayor about the

sexual harassment she had been facing. In response, the Chief yelled at Plaintiff that she had gone over the Chief's head in speaking with the Borough Manager, and that Plaintiff's actions made the Chief look incompetent. Chief Dougherty further yelled at Plaintiff, Ordering Plaintiff not to again approach him about her "personal problems."

25. On approximately December 5, 2015, Carricato wore a body camera to secretly record Plaintiff in the workplace without her consent.  Carricato threated Plaintiff, in an effort to have Plaintiff retract her complaints. Carricato indicated that he would falsely claim that Plaintiff had sexually harassed him, and that he would "do everything in his power to make sure [Plaintiff was] dragged down with [him]."

26. Based on those threats, and fearing retaliation, Plaintiff withdrew her complaint at that time.

27. Plaintiff told her direct supervisor about these videos, but no action was taken against Carricato by the Department.

28. Carricato claimed that he had deleted the video of the aforementioned conversation, but Plaintiff later discovered that said video was saved on GPD computers/servers. Plaintiff complained to her supervisor about this.

29. In early 2016, Plaintiff was transferred to a new squad assignment, where Sgt. Weikert was her immediate supervisor.

30. Sgt. Weikert also told Plaintiff several times that Plaintiff had to "thicken [her] skin."

31. Thereafter, Sgt. Weikert told various officers in the department that he "fixed" the Plaintiff situation, in an effort to belittle Plaintiff.

32. Soon after, in early 2016, Carricato was transferred to the squad run by Sgt. Weikert, where Plaintiff was also assigned. This enabled Carricato to further harass Plaintiff, which did in fact occur.

33. Plaintiff again complained to Sergeant Weikert and Chief Dougherty that she could not work with Carricato because of the harassment, but the Sergeant and Chief have not taken action to remedy or halt this harassment.

34. Moreover, in approximately August of 2016, Plaintiff was transferred into a different assignment, to Sgt. Pruy's squad, after Plaintiff again complained to Dougherty and Weikert of the sexual harassment by Carricato. This was done to retaliate against Plaintiff for making complaints.

35. When officers in GPD learned of the sexual harassment and Courtesis' complaints of same, they joked about it, including directly making jokes about sexual harassment and about Plaintiff, in Plaintiff's presence.

36. Further, in an attempt to humiliate and embarrass Plaintiff, Carricato bragged to other members of GPD and surrounding departments about his relationship with Plaintiff.

37. On September 6, 2016, Plaintiff filed a Complaint with the Philadelphia Branch of the EEOC, alleging sex discrimination and retaliation.

38. In approximately October of 2016, Plaintiff found the aforementioned video recording made by Carricato (referenced above on paragraphs 25-28) on GPD computers. Plaintiff then went to the Borough Secretary, who is the employee for the Borough of Gettysburg responsible for Human Resources issues, and complained of Carricato's past and ongoing harassment, as well as the fact that Plaintiff had filed an EEOC complaint. Plaintiff also inquired as to when an investigation into Carricato's aforementioned actions would be conducted. The Borough Secretary was already aware of the prior sexual harassment by Carricato. Upon information and belief, no action was taken by the Borough in response to Plaintiff' complaint.

39. In November of 2016, Carricato misplaced a department-issued flash drive, and accused

6

Plaintiff of stealing it. Carricato made these false claims to other members of the department, to further harass Plaintiff and retaliate against her for complaining of his sexual harassment.

40. Plaintiff is the only full-time female in the department, and is treated differently as a result.

41. There exists a culture throughout the department, which is fostered by the Chief, wherein sexual harassment is not taken seriously and adequate steps are not taken to halt said harassment.

42. This harassment – which is of a similar nature as detailed above - is ongoing, severe, and is making Plaintiff's employment intolerable.

43. Additionally, because of the intolerable working conditions while Carricato is assigned to the same shift as Plaintiff, Plaintiff has been forced to repeatedly decline overtime shifts when they required her to work on the same shift and assignment as Carricato.

44. Further, in violation of the applicable collective bargaining agreement (CBA), in approximately November or December of 2016, the GPD permitted Defendant Carricato to attend training to become a Field Training Officer (FTO), a desirable position, even though the CBA required any such opportunities to be posted to the entire department. Thus, Plaintiff – who possessed more seniority than Carricato – has thus far been deprived of an opportunity to obtain the FTO position.

45. As a result of the above conduct by Defendants, Plaintiff has suffered pain, suffering, past economic loss, future economic loss, lost back pay, lost front pay, lost wage increases, loss of life's pleasures, loss of reputation, loss of benefits, emotional distress and other damages.

46. On November 30, 2016, a Right to Sue Letter was issued by the EEOC, which Plaintiff's counsel received on December 2, 2016. This Right to Sue Letter is Attached hereto.

## COUNT I
## TITLE VII
## Plaintiff v. Borough of Gettysburg
## SEX DISCRIMINATION

47. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

48. Defendants created a hostile work environment and took adverse action against Plaintiff, based on sex.

49. As a direct and proximate result of Defendants' actions, Plaintiff has and will in the future, suffer pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, back pay, front pay, lost benefits, lost wages, and lost wage earning capacity.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

1. Enter a declaratory judgment that Defendants' acts complained of herein created a hostile work environment and constituted sex discrimination in violation of Title VII.

2. Award Plaintiff compensatory damages including but not limited to:  pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

3. Award reasonable costs and attorney's fees and costs;

4. Award punitive damages; and

5. Grant any other relief this Court deems just and proper under the circumstances.

## COUNT II
## TITLE VII
## Plaintiff v. Borough of Gettysburg
## RETALIATION

50. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

51. After Plaintiff spoke out about the discrimination she faced and filed an EEOC Complaint, Plaintiff was retaliated against as set forth above.

52. As a direct and proximate result of Defendants' actions, Plaintiff has, and will in the future, suffer pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost back pay, lost front pay, lost benefits, lost wages, and lost wage earning capacity.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

1. Enter a declaratory judgment that Defendants' acts complained of herein constitute sex discrimination in violation of Title VII.

2. Award Plaintiff compensatory damages including but not limited to:  pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

3. Award reasonable costs and attorney's fees and costs;

4. Award punitive damages; and

5. Grant any other relief this Court deems just and proper under the circumstances.

**COUNT III**
**42 USC 1983**
**Plaintiff v. All Defendants**
**EQUAL PROTECTION CLAIM**

53. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

54. Defendants created a hostile work environment and took adverse action against Plaintiff, based on sex.

55. The individual defendants participated in the above discrimination and/or aided and abetted in same.

56. As a direct and proximate result of Defendants' actions, Plaintiff has, and will in the future, suffer pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost back pay, lost front pay, lost benefits, lost wages, and lost wage earning capacity.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

1. Enter a declaratory judgment that Defendants' acts complained of herein constitute a violation of Plaintiff's rights under the Equal Protection clause of the 14th Amendment to the United States Constitution.

2. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

3. Award reasonable costs and attorney's fees and costs;

4. Award punitive damages; and

5. Grant any other relief this Court deems just and proper under the circumstances.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: February 14, 2017                           **MARK B. FROST & ASSOCIATES**

                                              /s/ Mark Frost
                                              Mark Frost, Esq., #19284
                                              Ryan Lockman, Esq., #307325
                                              1515 Market St., Ste. 1300
                                              Philadelphia, PA 19102
                                              215-351-3333
                                              MFrost@MFrostLaw.com
                                              Counsel for Plaintiff

EEOC Form 161-B (11/16)

## U.S. Equal Employment Opportunity Commission

### Notice of Right to Sue (Issued on Request)

received

12-2-16

| To: | Brandi Courtesis<br>854 Mcallister Street<br>Hanover, PA 17331 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-03967 | Legal Unit | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Spencer H. Lewis, Jr.,
**District Director**

11/30/16
*(Date Mailed)*

cc:
Rolf E. Kroll, Esq.
MARGOLIS EDELSTEIN
3510 Trindle Road
Camp Hill, PA 17011

Ryan Lockman, Esq.
MARK B. FROST & ASSOCIATES
1515 Market Street, Suite 1300
Philadelphia, PA 19103